PER CURIAM.
This is an appeal from an order of the county judge granting probate to the will of Edith R. Pearsons dated November 25, 1958, and denying probate to a codicil thereto dated August 31, 1959.
Mrs. Pearsons was 83 at the time of the execution of the will, and died April 1, 1962. Jessie B. Margeson, the appellant, is the beneficiary of the home, automobile, furniture, furnishings and personal effects under the will, and under the codicil the residuary beneficiary as well. The residue under the will passes to the children of the beneficiary, who predeceased the testatrix. F.S.A. § 731.20.
The issues before the trial court were the testamentary capacity of the testatrix at the time of the execution of the two documents, whether or not the housekeeper-companion was in a confidential and fiduciary capacity, and whether she was active in securing the preparation or execution of the documents.
The trial court after extensive hearings entered a comprehensive order that found, although Mrs. Pearsons had for several years prior to her death showed a weakness and lack of testamentary capacity at times, at other times she showed understanding of her position and responsibilities; that at the time of the execution of the will of November 25, 1958 she had testamentary capacity and had not at that time completely-surrendered to the domination and influence of her housekeeper-companion and, therefore, ordered probate of the will dated November 25, 1958. The court further found, however, that at the time of the execution of the codicil of August 31, 1959 she had become so weakened and dependent upon her housekeeper that she did not possess the independent mental facilities whereby she' could rationally dispose of her estate in that she was dependent upon and subjected to the influence of her housekeeper-companion.
A careful study and consideration of the record reveals that there was substantial evidence in the record to support the findings of the probate judge, and that he has properly applied the legal effect of such evidence. It is well settled that the findings of a probate judge under such circumstances will not be disturbed. In Re Eberhardt’s Estate, Fla.1952, 60 So.2d 271.
Accordingly, the orders appealed from are
Affirmed.
ALLEN, Acting C. J., and ANDREWS and KANNER, (Ret.), JJ., concur.